UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

COREY ALVIS ]
    Plaintiff, ]
                                   ]   No **1 09 0017**
v. ]   (No. 1:09-mc-0004)
                                   ]   Judge Trauger
MARJORIE HOPPER, et al. ]
    Defendants. ]

M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center ("SCCC") in Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Marjorie Hopper, a corrections officer at the prison, and Cherry Lindamood, Warden at SCCC, seeking injunctive relief and damages.

On December 9, 2008, the plaintiff was moving through a door when Officer Hopper "violently grabbed" him and asked the plaintiff where he was going. At that point, a verbal confrontation erupted between them. In a grievance attached to his complaint, the plaintiff bemoaned the fact that he had "a bruise coming up on my side and it is a little sore." Docket Entry No.1 at pg.12. It appears, therefore, that the plaintiff believes that Officer Hopper used excessive force against him when she "violently grabbed" the plaintiff.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of

state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

Prisoner claims of excessive use of force arise under the Eighth Amendment. Whitley v. Albers, 106 S.Ct. 1078 (1986). Not every push or shove, though, rises to the level of excessive use of force. Howse v. DeBerry Correctional Institution, 537 F.Supp. 1177, 1181 (M.D. Tenn.1982). The excessiveness of the force is measured by whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm. Hudson v. McMillan, 112 S.Ct. 995,999 (1992).

In this instance, the plaintiff admits that he was attempting to walk through a front door without prior permission. When Officer Hopper grabbed him and asked where he was going, the plaintiff began to "cuss her and say something that I shouldn't have..." Docket Entry No.1 at pg.12. The plaintiff was grabbed before the argument erupted and was only intended to stop the plaintiff's movement without prior approval. The plaintiff has alleged no maliciousness or sadistic motive, nor does one appear from the plaintiff's rendition of the confrontation. It appears, therefore, that the plaintiff was not the victim of an excessive use of force.

In the absence of a constitutional violation, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, an

appropriate order will be entered dismissing this action.

Aleta A. Trauger
United States District Judge